U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAR 31  AM 10: 52

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANWAR JOKO,                            )
                                       )
        Petitioner,                    )
                                       )
    v.                                 )        Case No. 2:26-cv-101
                                       )
U.S. CITIZENSHIP AND CUSTOMS           )
ENFORCEMENT VERMONT SERVICE            )
CENTER, et al.,                        )
                                       )
        Respondents.                   )

**TEMPORARY RESTRAINING ORDER**
**(Doc. 4)**

Petitioner Anwar Joko, a resident of the United States and a citizen of Sudan, was

detained by U.S. Immigration and Customs Enforcement on September 23, 2025.[1]  He is

currently detained at Webb County Detention Center in Texas.  Although he timely submitted an

application for Temporary Protected Status ("TPS") to the U.S. Citizenship and Immigration

Services' ("USCIS") Vermont Service Center on October 22, 2025, an immigration judge at the

Laredo, Texas Immigration Court ordered his removal to Uganda on March 13, 2026.  (Doc. 1;

Doc. 4.)  Mr. Joko appealed the decision to the Board of Immigration Appeals ("BIA") on

March 16, 2026, and the appeal remains pending.  ICE has indicated its intent to execute the

removal order notwithstanding the BIA appeal and Mr. Joko's pending TPS application.

On March 26, 2026, Mr. Joko filed a complaint for declaratory and injunctive relief and

petition for a writ of mandamus, challenging his pending removal on the basis that 8 U.S.C.

---

[1] The following facts are taken from Petitioner's Complaint (Doc. 1) and Emergency
Motion for Preliminary Injunction (Doc. 4).  The court accepts these facts as true for the
purposes of the emergency motion.

§ 1254a and 8 C.F.R. § 244.5(b) prohibit his removal because (1) his TPS application establishes his prima facie eligibility for that status; and (2) his application for TPS remains pending. He also faults USCIS for undue delay in adjudicating his TPS application. As relief, he requests—among other things—a writ of mandamus compelling USCIS to adjudicate his TPS application and an order staying his removal pending the resolution of the case. (Doc. 1.) He then filed an emergency motion for a preliminary injunction on March 30, 2026, seeking an order staying his removal from the United States pending adjudication of his TPS application and the resolution of his BIA appeal. (Doc. 4.)

The court's initial review of the relevant statutes and regulations indicates that ICE does not have the statutory authority to remove Mr. Joko from the United States at this time. First, under 8 C.F.R. § 1003.6(a), ICE cannot, in most cases, execute an order of removal while an appeal to the BIA is pending. Additionally, if Mr. Joko's TPS application establishes his prima facie eligibility for TPS, as he alleges, 8 U.S.C. § 1254a and 8 C.F.R. § 244.5(b) afford him protections from removal while his application remains pending. These are substantial legal issues that deserve further investigation from the court, with the benefit of briefing from the parties and without the threat of Mr. Joko's imminent removal.

Pursuant to the All Writs Act, 28 U.S.C. § 1651, the Court ORDERS that Respondents not remove Petitioner Anwar Joko from the United States. This order will remain in effect for 14 days.

The court issues this TRO on an ex parte basis because the emergency motion discloses sufficient facts establishing irreparable injury if Mr. Joko is removed from the United States. Specifically, if Mr. Joko is removed from the United States, he will no longer be eligible for TPS. *See* 8 U.S.C. § 1254a(c)(i) (continuous presence requirement). Furthermore, "a federal

2

court always has jurisdiction to determine its own jurisdiction." *Brownback v. King*, 592 U.S. 209, 218 (2021) (internal quotation marks and citation omitted). Without a TRO, the court may be deprived of that opportunity. The court issues a TRO rather than a preliminary injunction, as requested by Mr. Joko, because Defendants should be afforded an opportunity to present an argument on the motion before the court imposes an order of longer duration.

The Court will serve this order on the Government on March 31, 2026, through the established practice in the District. The court will schedule a hearing on the Emergency Motion for a Preliminary Injunction in a separate order.

Dated at Burlington, in the District of Vermont, this 31st day of March, 2026.

Geoffrey W. Crawford, Judge
United States District Court