U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 APR -8 PM 3: 51

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANWAR JOKO,                                          )
                                                     )
        Petitioner,                                  )
                                                     )
        v.                                           )          Case No. 2:26-cv-101
                                                     )
U.S. CITIZENSHIP AND CUSTOMS                         )
ENFORCEMENT VERMONT SERVICE                          )
CENTER, et al.,                                      )
                                                     )
        Respondents.                                 )

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION
### (Doc. 4)

Petitioner Anwar Joko, a national and citizen of Sudan, brings this action under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq., alleging unreasonable delay by

United States Citizenship and Immigration Services ("USCIS") in adjudicating his petition for

Temporary Protected Status ("TPS"). He currently seeks a preliminary injunction ("PI")

requiring that Defendants ("the Government") refrain from executing his outstanding order of

removal during the pendency of this lawsuit. (Doc. 4.) The Government opposes the motion.

(Doc. 17.) The court issued an ex parte temporary restraining order ("TRO") forbidding Mr.

Joko's removal on March 31, 2026, and held a hearing on the PI on April 8, 2026. The motion is

now ripe for decision.

### Factual Background

Mr. Joko entered the United States without inspection, admission, or parole on May 3,

2023. (Doc. 17-2.) He fled Sudan because, as a man of Zaghawa ethnicity, he experienced

serious harm at the hands of the Rapid Support Forces militia, including kidnapping, torture, the

burning of his neighborhood, and the murder of his brother. (Doc. 4 at 6.) Upon his arrival in

the United States, Mr. Joko was placed in expedited removal proceedings but was transferred to standard removal proceedings after an asylum officer determined that he had a credible fear of persecution in Sudan. (Doc. 17-3.) He was released from detention on his own recognizance, (Doc. 17-5), and filed an application for asylum.

ICE ultimately re-detained Mr. Joko in September 2025 based on his failure to report to ICE on April 18, 2024, one of his conditions of release. (Doc. 17-6.) Shortly after his re-detention, he timely submitted an application for TPS at USCIS's Vermont Service Center. (Doc. 17-7.) On April 2, 2026—after the filing of this lawsuit—USCIS determined that Mr. Joko is prima facie eligible for TPS, but the agency has not yet rendered a final decision on his application. (Doc. 17-7.) He remains detained at Webb County Detention Center in Texas.

There has also been recent action on Mr. Joko's asylum application. On January 27, 2026, the Department of Homeland Security ("DHS") filed a motion with the immigration court seeking pretermission of the asylum application, i.e., rejection of the application without considering its merits. The basis for the motion was that Mr. Joko could be removed to Uganda, a country where the Government believes he should not fear persecution, under the terms of an Asylum Cooperative Agreement between Uganda and the United States. (Doc. 4 at 2.) The immigration court granted the motion and denied Mr. Joko's application for asylum and other relief from removal. (*Id.* at 3.) The immigration judge ordered his removal to Uganda. (*Id.*) Mr. Joko appealed the decision to the Board of Immigration Appeals ("BIA") on March 16, 2026, and the appeal remains pending.

## Analysis

In the Motion for Preliminary Injunction, Mr. Joko alleges that he is at risk of removal from the United States despite the fact that 8 C.F.R. § 244.5(b) prohibits his removal during the

2

pendency of his BIA appeal and that 8 U.S.C. § 1254a bars his removal pending a final decision on his TPS application. He seeks protection from removal, as well as an order that USCIS adjudicate his TPS application within three days. The Government opposes the motion on both jurisdictional and substantive grounds. The court begins with the jurisdictional question.

## I.      Jurisdiction

The Government argues that, although the court has jurisdiction over Mr. Joko's underlying claim, it lacks jurisdiction to grant the requested preliminary injunction. Specifically, the Government argues that 8 U.S.C. § 1252(g) deprives district courts of jurisdiction to stay the removal of noncitizens no matter the circumstances. Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

In *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999) ("*AADC*"), the Supreme Court read § 1252(g) narrowly, explaining that it "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Id.* at 482 (quoting § 1252(g)). The Court explicitly rejected a broad reading of the phrase "arising from" and the notion that § 1252(g) refers "to all claims arising from deportation proceedings." *Id.* The Supreme Court recently affirmed that textual interpretation in *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

As noted, the Government does not argue that the "cause or claim" in this case—the allegation of undue delay—"arises from" a decision of the Attorney General to execute a removal order. Rather, the Government challenges the court's power to preserve the status quo

3

while Mr. Joko's claim remains pending. The statute does not address a court's ability to issue temporary relief ancillary to the actual claim. Rather, it prohibits review of "*cause[s] or claim[s]*" arising from the decision or action to execute an order of removal. That is, it prohibits adjudication of a claim whose ultimate goal is challenging the execution of a removal order.

This narrower reading is the correct one despite the Second Circuit's statement that "[a] stay of removal is a request to delay the execution of a removal order," such that district courts are barred from issuing stays by § 1252(g). *Troy as Next Friend Zhang v. Barr*, 822 F. App'x 38, 39 (2d Cir. 2020) (summary order). In *Troy* and in similar cases considered by the Second Circuit, the primary relief sought by the plaintiff was a stay of removal, placing the relief squarely within § 1252(g). This case is different. Mr. Joko simply fears that the Government will remove him before his claims can be heard in this case. In such cases, district courts have found that they have the power to grant stays of removal. *See Siahaan v. Madrigal*, No. 20-cv-2618, 2020 WL 5893638 (D. Md. Oct. 5, 2020) (finding that § 1252(g) did not strip court of jurisdiction to issue stay of removal for purpose of ensuring that plaintiff's claims could be adjudicated); *see also Joshua M. v. Barr*, 439 F. Supp. 3d 632 (E.D. Va. 2020) (same).

Just as importantly, "courts in this [circuit] have held that § 1252(g) does not strip courts of jurisdiction when the petitioner is seeking to challenge ICE's legal authority over a removal order, rather than its discretionary decisions regarding removal orders." *S.N.C. v. Sessions*, No. 18 Civ. 7680, 2018 WL 6175902, at *5 (S.D.N.Y. Nov. 26, 2018) (collecting cases). That reading of § 1252(g) once again stems from *AADC*, a decision that considered whether § 1252(g) deprived the federal courts of jurisdiction over selective-enforcement lawsuits. As the Supreme Court explained, § 1252(g) focuses on the three discrete acts of commencing proceedings, adjudicating cases, and executing removal orders because, "[a]t each stage the Executive has

4

discretion to abandon the endeavor, and at the time IIRIRA was enacted the INS had been engaging in a regular practice . . . of exercising that discretion for humanitarian reasons or simply for its own convenience." *AADC*, 525 U.S. at 483–84.

But, because "no generous act goes unpunished . . . the INS's exercise of this discretion opened the door to litigation in instances where the INS chose *not* to exercise it." *Id.* at 484. Specifically,

> [e]fforts to challenge the refusal to exercise such discretion on behalf of specific [noncitizens] sometimes [were] favorably considered by the courts, upon contentions that there was selective prosecution in violation of equal protection or due process, such as improper reliance on political considerations, on racial, religious, or nationality discriminations, on arbitrary or unconstitutional criteria, or on other grounds constituting abuse of discretion.

*Id.* at 484–85 (quoting 6 C. Gordon, S. Mailman, & S. Yale Loehr, *Immigration Law and Procedure* § 72.03[2][a] (1998)). "It was this reason, the *AADC* Court explained, that motivated Congress to limit judicial review of these particular, discrete acts." *R.O.A. v. Edlow*, 805 F. Supp. 3d 565, 574 (D. Vt. 2025) (quoting *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 457 (S.D.N.Y. 2018)). Thus, "[§] 1252(g) is directed 'against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion.'" *Ozturk v. Hyde*, 136 F.4th 382, 397 (2d Cir. 2025) (quoting *AADC*, 525 U.S. at 485 n.9).

In this case, Mr. Joko does not challenge ICE's discretionary authority to execute his removal order. Rather, his request for a temporary stay of removal is based on his argument that the Government does not have the legal authority to remove him while his BIA appeal and TPS application remain pending. Section 1252(g) does not strip the court of jurisdiction to grant Mr. Joko's request for a preliminary injunction.

## II.   Merits

Plaintiff seeks a preliminary injunction under Fed. R. Civ. P. 65(a).

5

> In general, a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of a preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest.

*Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024) (cleaned up). For the purposes of this motion, the Government challenges only the irreparable harm prong of this test.

"The irreparable harm requirement is the single most important prerequisite for the issuance of a preliminary injunction. This requirement must therefore be satisfied before the other requirements for an injunction can be considered." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 80 (2d Cir. 2024) (internal quotation marks and citations omitted). "[I]rreparable harm exists where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Id.* (internal quotations marks and citation omitted).

The Government argues that there is no possibility of irreparable harm in this case because Mr. Joko already enjoys protection from removal. First, under 8 C.F.R. § 1003.6, the Government cannot remove Mr. Joko while his appeal before the BIA remains pending. Second, because USCIS has found Mr. Joko prima facie eligible for TPS, 8 U.S.C. § 1254a(a)(4)(B) prohibits his removal before USCIS issues a final decision on that application. The Government further contends that Mr. Joko's allegation that he "faces the threat of removal" despite these regulatory and statutory protections amounts to unsupported speculation.

As a preliminary matter, if Mr. Joko *were* removed, his removal would amount to irreparable harm. To be eligible for temporary protected status, a noncitizen must have been "continuously physically present in the United States since the effective date of the most recent designation" of their country of origin. 8 U.S.C. § 1254(a)(c)(1)(A)(i). Mr. Joko's removal

6

would therefore make him ineligible for TPS. That alone constitutes irreparable harm, notwithstanding the other harm Mr. Joko would face.

Under ordinary circumstances, the court would likely agree with the Government's position that a PI is unnecessary. Recent reports of mistaken and unlawful removals change that calculus. The Government's current push to remove as many noncitizens in as little time as possible has created strains on the system that make errors more likely. Having an explicit court order barring his removal while this case is pending will greatly reduce the risk of such an error occurring in Mr. Joko's case. Nor will it prejudice the Government for the court to add its voice to the chorus of authorities that have already affirmed Mr. Joko's right to remain in the United States at this time.

### Conclusion

The court GRANTS IN PART Petitioner's Motion for Preliminary Injunction (Doc. 4). The Government may not remove Mr. Joko from the United States while either his BIA appeal or TPS application remains pending.

Insofar as Mr. Joko requests an order that USCIS adjudicate his TPS application within three days, the court DENIES the motion. Review by USCIS is the final relief that Mr. Joko seeks in this case and is not ripe for resolution. However, recognizing the very real and ongoing harm that Mr. Joko is suffering as a result of USCIS's delayed decision-making, the court ORDERS as follows: (1) that, within 10 days, the Government file a letter reporting USCIS's

7

intended timeline in adjudicating Mr. Joko's application; and (2) that the Government file an answer or other response to the complaint within 30 days of the filing of the complaint.

Dated at Burlington, in the District of Vermont, this 8th day of April, 2026.

Geoffrey W. Crawford, Judge
United States District Court

8